## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AIMEE HICKMAN, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUBARU OF AMERICA, INC., *et al.*,<br><br>Defendants. | Case No. 21-CV-02100-ESK-AMD<br><br>**FINAL ORDER AND JUDGMENT** |

This matter came before the Court for hearing on April 16, 2024 pursuant to the Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, dated October 17, 2023 ("Preliminary Approval Order") (ECF No. 68), on the motions of Plaintiffs for approval of proposed class action settlement with Defendants Subaru of America, Inc. and Subaru Corporation (collectively, "Defendants") (ECF Nos. 67, 70) and approval of attorneys' fees, expenses, and service awards (ECF No. 71). Due and adequate notice having been given of the Settlement as required by the Preliminary Approval Order, the Court having considered all papers filed and proceedings conducted herein, and good cause appearing therefor, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1.   This Final Order and Judgment incorporates by reference the definitions in the Agreement, and all terms used in this Order shall have the same meanings as set forth in the Agreement.

2.      This Court has jurisdiction over this litigation, Plaintiffs, all Settlement Class Members, Defendants Subaru of America, Inc. and Subaru Corporation (together, "Subaru" or "Defendants"), and any party to any agreement that is part of or related to the Settlement.

3.      The Court reaffirms and makes final its provisional findings, rendered in the Preliminary Approval Order, that, for purposes of the Settlement, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b) are satisfied. The Court hereby makes final its appointments of Class Counsel and the Representative Plaintiffs and certifies the following Settlement Class:

> A natural person who is the current or former owner or lessee of a Settlement Class Vehicle, who purchased or leased in the continental United States, including Alaska or Hawaii, who purchased the vehicle for purposes other than for resale.

Excluded from the Settlement Class are (a) claims for personal injury and/or property damage, though claims for a Qualifying Failure in a Settlement Class Vehicle are included regardless of additional personal injury or property damage not claimed; (b) all Judges who presided over the Action and their spouses; (c) all current employees, officers, directors, agents, and representatives of Defendants and their family members; (d) any affiliate, parent, or subsidiary of Defendants and any entity in which Defendants have a controlling interest; (e) used car dealers; (f) anyone who purchased a Settlement Class Vehicle solely for resale; (g) anyone who purchased a

Settlement Class Vehicle with a salvaged title and/or any insurance company that acquired a Settlement Class Vehicle as a result of a total loss; (h) any insurer of a Settlement Class Vehicle; (i) issuers of extended vehicle warranties and service contracts; (j) any Settlement Class Member who, prior to the date of the Settlement Agreement, settled with and released Defendants or any Released Parties from any Released Claims; (k) any Settlement Class Member filing a timely and proper Request for Exclusion from the Settlement Class; and (l) third-party issuers.

4. For purposes of this Order and the Settlement, Settlement Class Vehicles mean model year 2019-2020 Subaru Ascent vehicles.

5. The Court appoints Russell D. Paul, Abigail J. Gertner, Natalie Lesser, and Amey J. Park of Berger Montague PC as Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are satisfied by this appointment.

6. The Court hereby appoints Plaintiffs Aimee and Jared Hickman, Frank and Kelly Drogowski, Richard Palermo, Carolyn, Patol, Cassandra and Steven Sember, John Taitano, William Treasurer, and Lori and Shawn Woiwode ("Plaintiffs") to serve as Representative Plaintiffs for settlement purposes only on behalf of the Settlement Class.

7. Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby grants final approval of the Settlement and finds that it is, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class.

3

Specifically, the Court has analyzed each of the factors set forth in Fed. R. Civ. P. 23(e)(2), *Girsh v. Jepson*, 521F.2153, 157 (3d Cir. 1975) and *In re Prudential Ins. Co. Am. Sales Practice Litig.*, 148 F.3d 283, 323 (3d Cir. 1998) and finds the factors support final approval of the settlement, including, including an assessment of the likelihood that the Representative Plaintiffs would prevail at trial; the range of possible recovery; the consideration provided to Settlement Class Members as compared to the range of possible recovery discounted for the inherent risks of litigation; the complexity, expense, and possible duration of litigation in the absence of a settlement; the nature and extent of any objections to the settlement; the stage of the proceedings and the amount of discovery requested; the risk of establishing liability and damages, the ability of the defendants to withstand a greater judgment, the range of reasonableness of the settlement; the underlying substantive issues in the case; the existence and probable outcome of claims by other classes; the results achieved; whether the class can opt-out of the settlement; whether the attorneys' fees are reasonable, and whether the procedure for processing claims is fair and reasonable.

8. The Court finds the factors recently added to Fed. R. Civ. P. 23(e)(2) substantially overlap with the factors the Third Circuit has enumerated in *Girsh* and *In re Prudential*, and that each supports final approval of the settlement.

9. The Court also finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and

that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Here, Settlement Class Members share a common legal grievance arising from Defendants' alleged failure to disclose or adequately disclose material facts about the Settlement Class Vehicles. Common legal and factual questions predominate over any individual questions that may exist for purposes of this settlement, and the fact that the Parties are able to resolve the case on terms applicable to all Settlement Class Members underscores the predominance of common legal and factual questions for purposes of this settlement. In concluding that the Settlement Class should be certified pursuant to Rule 23(b)(3) for settlement purposes, the Court further finds that a class action is superior for purposes of resolving these claims because individual class members have not shown any interest in individually controlling the prosecution of separate actions. Moreover, the cost of litigation likely outpaces the individual recovery available to any Settlement Class Members. *See* Fed. R. Civ. P. 23(b)(3)(A). Accordingly, the Court finds that, for purposes of this settlement, Rule 23(b)(3) has also been satisfied.

10. The Court finds that notice of this Settlement was given to Settlement Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Settlement, to all Persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process.

11. The Court directs the Parties and the Settlement Administrator to implement the Settlement according to its terms and conditions.

12. Upon the Effective Date, Releasing named Plaintiffs and all Releasing Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Releasees from all Released Claims.

13. The Persons identified in Exhibit A to Keough's supplemental declaration (ECF No. 72-1 p. 6) hereto requested exclusion from the Settlement Class as of the Exclusion Deadline. These Persons shall not share in the benefits of the Settlement, and this Final Order and Judgment does not affect their legal rights to pursue any claims they may have against Defendants. All other members of the Settlement Class are hereinafter barred and permanently enjoined from prosecuting any Released Claims against Defendants in any court, administrative agency, arbitral forum, or other tribunal.

14. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement, is or may be deemed to be or may be used as an addition of, or evidence of, (a) the validity of any Released Claim, (b) any wrongdoing or liability of Defendants, or (c) any fault or omission of Defendants in any proceeding in any court, administrative agency, arbitral forum, or other tribunal.

15. Without affecting the finality of this Judgment, this Court reserves exclusive jurisdiction over all matters related to administration, consummation,

enforcement, and interpretation of the Settlement, and this Final Order and Judgment, including (a) further proceedings, if necessary, on the application for attorneys' fees, reimbursement of litigation expenses, and service awards for named Plaintiffs; and (b) the Parties for the purpose of construing, enforcing, and administering the Settlement. If any Party fail(s) to fulfill its or their obligations under the Settlement, the Court retains authority to vacate the provisions of this Judgment releasing, relinquishing, discharging, barring and enjoining the prosecution of, the Released Claims against the Releasees, and to reinstate the Released Claims against the Releasees.

16. If the Settlement does not become effective, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

17. There were no objections filed.

18. The Court hereby enters a judgment of dismissal, pursuant to Federal Rule of Civil Procedure 54(b), of the claims by the Settlement Class Members, with prejudice and without costs, except as specified in this order, and except as provided in the Courts order related to Plaintiffs' Unopposed Motion

7

for Attorneys' Fees, Expenses, and Service Awards. The Clerk of the Court is directed to close this docket.

19. The parties are directed to obtain a transcript of the April 16, 2024 hearing.

IT IS SO ORDERED on this ___18th___ day of ___April___, 2024.

*/s/ Edward S. Kiel*

HONORABLE EDWARD S. KIEL
UNITED STATES DISTRICT JUDGE